UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-00708-JAK (RAOx) | Date | July 19, 2024 |
|---|---|---|---|
| Title | Sondra Sweeney, et. al v. Paramount Global, et. al | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER VENUE (DKT. 18)**

**I.   Introduction**

On December 19, 2023, Sondra Sweeney, Hue Banh, Jessica Derie, Adam Sauer and Sharon Manier ("Plaintiffs"), on behalf of themselves and all others similarly situated, brought this putative class action against Paramount Global ("Defendant") and Does 1-100 in the Los Angeles Superior Court. Dkt. 1-1 ("Complaint"). The Complaint advances one cause of action: violation of Cal. Civ. Code § 1670.8. Dkt. 1-1 ¶¶ 46–55. On January 25, 2024, Paramount removed the action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Dkt. 1

On May 1, 2024, Paramount filed a Motion to Dismiss Case, or Alternatively to Transfer Venue Dkt. 18 (the "Motion"). On May 29, 2024, Plaintiffs filed an opposition to the Motion. Dkt. 20 ("Opposition"). On June 5, 2024, Paramount filed a reply. Dkt. 26 ("Reply").

A hearing on the Motion was held on July 1, 2024, and the matter was taken under submission. Dkt. 29. At the hearing, the Court expressed the tentative view that the Motion would be deferred to allow for limited jurisdictional discovery to determine whether Plaintiffs have Article III standing. *Id*. On July 8, 2024, the parties filed a joint report with their respective positions on the scope and process for jurisdictional discovery should the Court adhere to its tentative view. Dkt. 31. On the same date, Defendant also filed a notice of supplemental authorities. Dkt. 30.

For the reasons stated in this Order, the Motion is **DEFERRED** to allow for the completion of limited jurisdictional discovery to assess whether Plaintiffs have Article III standing. The matter is referred to Magistrate Judge Oliver to address the parties' dispute as to the scope and process for the completion of such discovery.

**II.   Factual Background**

   A.   Parties

It is alleged that each of the Plaintiffs is a citizen of the State of California, who visited, used or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-00708-JAK (RAOx) | Date | July 19, 2024 |
|---|---|---|---|
| Title | Sondra Sweeney, et. al v. Paramount Global, et. al | | |

commenced transactions through the website paramount.com and/or any associated websites linked through it (the "Platforms") within the applicable limitations period. Dkt. 1-1 ¶¶ 1, 11–15.

It is alleged that Defendant conducts business in the State of California, and develops, markets and sells a wide variety of goods and services through the Platforms. *Id.* ¶ 16.

      B.      Allegations in the Complaint

It is alleged that Defendant seeks to bind any visitor to the Platforms to certain unlawful terms ("Subject Terms") that are part of its Platforms' terms of use ("Terms of Use"). *Id.* ¶ 21. It is alleged that the Subject Terms instruct visitors and users of the Platforms that they "shall not use, allow, or enable others to use the Site . . . in a manner that is, attempts to, or is likely to: . . . affect us [Paramount] adversely or reflect negatively on us [Paramount], the Site, our goodwill, name or reputation or cause duress, distress or discomfort to us. . . ." *Id.* ¶ 22. It is also alleged that Defendant "threaten[s] visitors of the Platforms who consider violating the [Subject Terms]" by including in the Terms of Use that " 'Paramount will determine [a visitor's] compliance with [the Terms of Use] in is sole discretion' " and " '[a]ny violation . . . may result in restrictions on [the visitor's] access to all or part of the [Platforms]. . . .' " *Id.* ¶¶ 6, 22.

It is alleged that, through the Subject Terms, Defendant seeks to silence Plaintiffs and class members by having them waive their rights to make negative statements regarding Defendant, or their goods and services, and threatening to penalize them for doing so, in violation of Cal. Civ. Code § 1670.8. *Id.* ¶¶ 8, 55.[1] It is alleged that Plaintiffs, and "millions more similarly situated persons in the State of California," have visited the Platforms and have been subjected to the unlawful Subject Terms. *Id.* ¶ 25.

**III.**     **Analysis**

Defendant seeks dismissal of the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or in the alternative, a transfer of this action to the Southern District of New York. Dkt. 18 at 2. Plaintiffs respond that, as a threshold issue, Defendant has not "met its burden" to establish that Plaintiffs have Article III standing. Dkt. 20 at 9. Thus, Plaintiffs contend that, because there is no subject matter jurisdiction in this district court, the action must be remanded to the Superior Court where it was initially filed. *Id.* at 11.

      A.      Article III Standing

           1.      Legal Standards

---

[1] Cal. Civ. Code § 1670.8 states:

    (a)(1) A contract or proposed contract for the sale or lease of consumer goods or services may not include a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services.

    (2) It shall be unlawful to threaten or to seek to enforce a provision made unlawful under this section, or to otherwise penalize a consumer for making any statement protected under this section.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-00708-JAK (RAOx) | Date | July 19, 2024 |
| Title | Sondra Sweeney, et. al v. Paramount Global, et. al | | |

Because federal courts have limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal should be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party bears the burden of establishing that removal is proper. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

"Standing is an essential component of the case or controversy requirement of Article III, § 2 of the United States Constitution." *Am. Civil Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006) (internal quotation marks and citation omitted). "To satisfy Article III standing, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017) (citing *Spokeo, Inc. v. Robins* ("*Spokeo II*"), 136 S. Ct. 1540, 1547 (2016)) (internal quotation marks and alteration omitted). Because the standing requirements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). However, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.*

"A plaintiff establishes injury in fact, if he or she suffered ' "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." ' " *Van Patten*, 847 F.3d at 1042 (quoting *Spokeo II*, 136 S. Ct. at 1548). However, "a plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Even then, Article III standing requires a concrete injury." *Robins v. Spokeo, Inc.* ("*Spokeo III*"), 867 F.3d 1108, 1112 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 931 (2018) (internal quotations and alteration omitted).

In cases of removal, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.§ 1447(c). "No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1996 (9th Cir. 2016) (citing *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)). Remand is the correct remedy, rather than dismissal, because "a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter." *Id.* "The constraints of Article III do not apply to state courts." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989). Dismissal is permitted "only when the eventual outcome of a case after remand is so clear as to be foreordained." *Polo v. Innoventions Int'l, LLC,* 833 F.3d at 1198.

      2.      <u>Application</u>

Plaintiffs contend that, although there is "no question that the state court can adjudicate Plaintiffs' claims," Defendant has not established Article III standing as a basis for removal. Dkt. 20 at 9–10. In support of this position, Plaintiff argues that Defendant has not shown that the Complaint alleges an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-00708-JAK (RAOx) | Date | July 19, 2024 |
| Title | Sondra Sweeney, et. al v. Paramount Global, et. al | | |

"imminent threat of enforcement." *Id*. at 11.[2] Plaintiffs cite *Pulbrook, et al. v. Nationwide Mutual Insurance Company*, No. 24-cv-00469-MMC. *Id.* at 9. There, the district court considered a very similar complaint. The court then *sua sponte* requested supplemental briefing on Article III standing. Based on a review of those submissions, it remanded the action for a lack of jurisdiction due to an insufficient showing of any concrete injury. *See* Dkt. 21-1.[3]

Defendant responds that Plaintiffs are attempting to "dodge dismissal" through "vague" arguments about how they "*might* not have been injured," and by "refusing to expressly say that they lack an injury-in-fact," while "doubl[ing] down on their position that Paramount's terms 'stifle speech' and are 'harmful to Plaintiffs.' " Dkt. 26 at 8–9. Moreover, Defendant contends that injury-in-fact has been sufficiently alleged for the following reasons: (1) Article III standing requirements are relaxed for free speech infringements; (2) Cal. Civ. Code § 1670.8 was enacted to codify free speech rights; (3) an imminent threat of enforcement is not necessary where free speech rights are implicated; (4) the Complaint alleges a sufficient threat of enforcement; and (5) *Pulbrook* is in error. Dkt. 26 at 9–14.

"Article III standing requires a concrete injury even in the context of a statutory violation." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021) (quoting *Spokeo II*, 578 U.S. at 341). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist," and be "real" rather than "abstract." *Spokeo II*, 136 S. Ct. at 1548 (citations omitted); *see also Spokeo III*, 867 F.3d at 1112 ("To establish such an injury, the plaintiff must allege a statutory violation that caused him to suffer some harm that actually exists in the world; there must be an injury that is real and not abstract or merely procedural."). " 'Concrete' is not, however, necessarily synonymous with 'tangible.' " *Spokeo II*, 136 S. Ct. at 1549. "Although tangible injuries are perhaps easier to recognize ... intangible injuries can nevertheless be concrete." *Id.*

"Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.' " *Id.* (quoting *Lujan*, 504 U.S. at 578). Although "*some* statutory violations, alone, do establish concrete harm," *Spokeo III*, 867 F. 3d at 1113, "[i]n determining whether an intangible injury is sufficiently concrete, both history and the judgment of [the legislature] play important roles." *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982 (9th Cir. 2017) (internal citation and quotation marks omitted); *see also Patel v. Facebook, Inc.*, 932 F.3d 1264, 1273 (9th Cir. 2019) (considering "judgment of the Illinois General Assembly" to assess injury-in-fact for claim alleging a violation of an Illinois privacy statute).

Paramount's central argument is that, because Cal. Civ. Code § 1670.8 concerns concrete free speech rights, injury-in-fact is presumed from an alleged violation of the statute. Intangible harms may be concrete where they have "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts," which can include harms specified by the Constitution itself, including the "abridgement of free speech." *TransUnion LLC*, 594 U.S. at 425. Here, both history and legislative actions support the view that Cal. Civ. Code § 1670.8 concerns a free speech right that is analogous to,

---

[2] Plaintiffs also argue that if it is determined that they adequately allege an injury-in-fact to support Article III standing, then Defendant's motion to dismiss must be denied because it is based on a contrary position. Dkt. 20 at 11 n.2.
[3] Judicial notice is taken of this decision. Fed. R. Evid. 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-00708-JAK (RAOx) | Date | July 19, 2024 |
| Title | Sondra Sweeney, et. al v. Paramount Global, et. al | | |

or has a "close relationship" with, rights traditionally protected under the First Amendment and the corresponding provisions in the California Constitution.

California Civil Code § 1670.8 expressly protects a consumer's right to "make any statement" about a seller or lessor, or the goods or services purchased or leased from that person. Cal. Civ. Code § 1670.8(a)(1). It makes unlawful any contractual provision that seeks to have a person waive such a right as part of a contract or proposed contract for the sale or lease of such goods and services. *Id.* Section 1670.8(a)(2) also makes it unlawful for sellers or lessors to threaten or seek to enforce such a provision, or otherwise to penalize a consumer for violations of one. *Id.* § 1670.8(a)(2). These provisions, which protect consumer speech, relate to the historically-grounded, constitutional right of free speech.

The legislative history submitted by both parties supports this conclusion.[4] The synopsis of the proposed legislation states that the contract provisions being targeted are "potentially muzzling . . . cherished constitutional values such as Free Speech" and that the proposed bill "appropriately balances a consumer's right to free speech while protecting legitimate contractual needs of businesses." Dkt. 18-8 at 2, Ex. B (Assembly Committee Hearing, April 22, 2014 regarding AB 2365). Further, the bill's author stated that such clauses "represent an unreasonable limitation on individual freedom," allowing consumers "unknowingly or unwillingly [to] give up [their] right to speak freely about their [online] retail experience." Dkt. 18-7 at 5, Ex. A (Assembly Committee on Judiciary Hearing for AB 2365, June 24, 2024). Thus, protection of the right to free speech was central to the purpose for adopting Cal. Civ. Code § 1670.8.

Defendant contends that the analysis ends here because a violation of Cal. Civ. Code § 1670.8 necessarily violates "the concrete free-speech rights" that it protects, such that Plaintiffs "need not allege any further harm to have standing." Dkt. 26 at 12 (quoting *Eichenberger*, 876 F.3d at 984). Although Cal. Civ. Code § 1670.8 seeks to protect consumer speech, not all actions brought pursuant to the statute require the showing of a concrete harm to an individual consumer. *Cf. Eichenberger*, 876 F.3d at 983 ("*[E]very* disclosure of an individual's 'personally identifiable information' and video-viewing history," in violation of the statute, "offends [the right to privacy] that the statute protects."). Cal. Civ. Code § 1670.8 makes it unlawful to include such clauses in a consumer contract, regardless of whether the consumer engaged in, or intends to engage in, the forms of speech that would be covered, or whether enforcement is threatened against them. Cal. Civ. Code § 1670.8(a)(1); *see Anderson v. United Parcel Serv. of Am., Inc.*, No. 2:24-CV-00096-DSF-SSC, 2024 WL 3081940, at *3 (C.D. Cal. May 17, 2024) ("An individual or entity can violate § 1670.8 simply by including a non-disparagement clause in a contract or proposed contract for the sale or lease of consumer goods or services"). Thus, whether there is injury-in-fact in this particular case depends "whether the specific . . . violations alleged . . . actually harm, or present a material risk of harm to, such interests." *Spokeo III*, 867 F.3d at 1113.

It is alleged that Plaintiffs and class members "visited and used the Platforms" and have been subjected to the unlawful Subject Terms, through which Defendants seek to have them waive "their right as consumers to make statements" in violation of Cal. Civ. Code § 1670.8. Dkt. 1-1 ¶¶ 25, 27, 48. It is also alleged that Defendants "threaten visitors of the Platforms who consider violating the Terms" by

---

[4] Judicial notice is taken of the submitted documents, but not of any reasonably disputed facts therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-00708-JAK (RAOx) | Date | July 19, 2024 |
| Title | Sondra Sweeney, et. al v. Paramount Global, et. al | | |

including in the Terms of Use that " 'Paramount will determine [a visitor's] compliance with [the Terms of Use] in is sole discretion" and " '[a]ny violation . . . may result in restrictions on [the visitor's] access to all or part of the [Platforms]. . . .' " *Id.* ¶¶ 6, 22. It is also alleged that this unlawful conduct has "violated" Plaintiffs' rights under the statute and has caused them to "suffer harm." *Id.* ¶¶ 51–53.

Paramount contends that these allegations are sufficient to establish injury-in-fact. It argues that there need not be an "imminent threat of enforcement," because in the analogous First Amendment context, the "Supreme Court has endorsed what might be called a 'hold your tongue and challenge now' approach rather than requiring litigants to speak first and take their chances with the consequences." Dkt. 26 at 12 (quoting *Italian Colors Rest. v. Becerra*, 878 F.3d 1165, 1171 (9th Cir. 2018) (citation omitted)).

Although a more lenient standard applies in the First Amendment context, "[e]ven in [that] context, a plaintiff must show a credible threat of enforcement." *Italian Colors Rest.*, 878 F.3d at 1171 (citing *Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010)). The Ninth Circuit considers whether there is a reasonable likelihood of enforcement against a plaintiff based upon the prior actions and statements by the party seeking enforcement, whether the plaintiff has established "that they intend to violate the challenged law," and whether the "challenged law is [applicable to the plaintiff]." *Lopez*, 630 F.3d at 786. In some cases, "self-censorship" alone may be sufficient injury under Article III, or being "forced to modify [one's] speech and behavior to comply with the statute." *Italian Colors Rest.*, 878 F. 3d. at 1173.

The Complaint lacks any allegations that Plaintiffs, or member of the proposed class, have made any statements about Defendant or its goods and services. Nor does it include any allegations that Plaintiffs intended to, but were forced to self-censor or modify their behavior to avoid enforcement of the Subject Terms. Although it is broadly alleged that the Terms of Use "threaten" visitors that Defendant will unilaterally determine compliance, there are no factual allegations that Paramount has previously enforced, or plans to enforce, the Subject Terms against Plaintiffs or any other person. Further, Paramount has argued in support of the Motion to Dismiss that the Terms "do not restrict consumer speech," but instead only prohibit certain uses of the website. Dkt. 18-1 at 16. Thus, Paramount has disputed that enforcement of the Terms would even violate Cal. Civ. Code § 1670.8 or infringe upon free speech rights at all.[5]

Paramount argues that *Pulbrook* erred by relying on *Lopez* and other case law that concerns challenges to generally applicable policy or legislation. It also contends that such challenges are distinguishable from those based on a contractual relationship between two parties in which enforcement is more likely. Dkt. 26 at 13–14 ("After all, the very act of *proposing* a contract requires some interaction between the company and consumer."). However, it is alleged that Defendant seeks to bind *any* visitor to its Platforms to the Terms of Use. Dkt. 1-1 ¶ 21. Thus, the Terms of Use do not materially differ from "a generally applicable policy untethered to the plaintiff." Dkt. 26 at 13. Further, for the reasons stated above, even if a likelihood of enforcement of the Terms is assumed, there have been no allegations of an intended course of conduct by Plaintiffs or class members that would violate the Terms. For these reasons, the Complaint does not support a finding that Plaintiffs have suffered, or are in danger of suffering, a concrete harm as required for Article III standing.

---

[5] Defendants also argue that the Terms of Use is not covered by Cal. Civ. Code § 1670.8 because it is not a "contract for the sale or lease of consumer goods or services," but rather an agreement for use of Paramount's corporate website, which does not offer for sale or lease any goods or services. Dkt. 18-1 at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-00708-JAK (RAOx) | Date | July 19, 2024 |
| Title | Sondra Sweeney, et. al v. Paramount Global, et. al | | |

      B.      Jurisdictional Discovery

As an alternative to remand, Paramount seeks limited jurisdictional discovery, including depositions of Plaintiffs, in order to "clarify the type of harm they do (or do not) allege." *Id*. at 14.

Jurisdictional discovery is "appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). Such discovery "need not be allowed, however, if the request amounts merely to a 'fishing expedition.' " *Houston v. Bank of Am., N.A.*, No. CV-14-02786 MMM, 2014 WL 2958216, at *5 (C.D. Cal. June 25, 2014) (citation omitted); *see also Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). A request for jurisdictional discovery may also be declined where the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto*, 539 F.3d at 1020.

Limited jurisdictional discovery is appropriate here. Its purpose is to clarify whether the harm alleged in the Complaint are concrete injuries-in-fact under Article III. At the hearing on this matter, the parties were directed to provide a joint report as to their collective and/or respective positions regarding the scope and process for jurisdictional discovery, should it be determined that such discovery was necessary. Dkt. 29.

Paramount seeks a 2.5 hour maximum Zoom deposition of each of the five Plaintiffs. Dkt. 31 at 4. Proposed topics would include "whether they claim their speech rights were limited," "whether or how they contend that [such restrictions alleged] did not cause them substantive injury," "whether they contend that they are at risk of future injury, and how," and "how exactly they were injured." *Id.* Paramount proposes that such depositions be completed on a weekly or biweekly basis in a 60-day period. *Id.* at 4–5. Paramount also states that not all depositions will be necessary if an earlier one sufficiently demonstrates injury-in-fact. *Id.* at 5.

Plaintiffs argue that jurisdictional discovery is unnecessary because the "Article III inquiry should focus on the facts alleged in the operative pleading." *Id.* at 5. They further contend that depositions would be unduly burdensome, and that to the extent discovery should proceed at all, it should be limited to "3–5 narrowly-focused interrogatories." *Id.*

For the reasons stated previously, it is appropriate to allow limited jurisdictional discovery on this issue. In light of the parties' disagreement, the matter is referred to Magistrate Judge Oliver to determine the appropriate scope and process for such discovery. The parties shall comply with the standard orders of, as well as any specific directions by Judge Oliver as to the manner in which the dispute shall be presented for review.

**IV.**      **Conclusion**

For the reasons stated in this Order, the Motion is **DEFERRED** and the request for limited jurisdictional discovery is **GRANTED**. The matter is referred to Judge Oliver as to the scope of such discovery.

The parties are directed to contact the Chambers of Judge Oliver within 7 days of the issuance of this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-00708-JAK (RAOx) | Date | July 19, 2024 |
|---|---|---|---|
| Title | Sondra Sweeney, et. al v. Paramount Global, et. al | | |

Order to schedule a conference on this matter. Within 10 days of the resolution of the issue by Judge Oliver, the parties shall file a joint report stating the jurisdictional discovery that has been ordered, and their collective and/or respective positions as to a proposed schedule for completing it and then filing supplemental briefing on the Motion. Based upon a review of the supplemental briefing, it will be determined whether the Motion will be taken under submission or scheduled for a further hearing.

The issuance of a scheduling order based upon the parties Rule 16(b)/26(f) Report (Dkt. 24) is **DEFERRED** pending a decision with respect to Article III standing.

**IT IS SO ORDERED.**

cc: Magistrate Judge Rozella A. Oliver

:

Initials of Preparer    tj