**SINGLETON SCHREIBER, LLP**
CHRISTOPHER R. RODRIGUEZ, SB# 212274
  E-Mail: crodriguez@singletonschreiber.com
ANDREW D. BLUTH, SB# 232387
  E-Mail: abluth@singletonschreiber.com
TYSON B. GAMBLE, SB #266677
  E-Mail: tgamble@singletonschreiber.com
JOHN R. TERNIEDEN, SB# 330343
  E-Mail: jternieden@singletonschreiber.com
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478
Facsimile: (619) 255-1515

**LAW OFFICES OF THOMAS LEARY, APC**
THOMAS A. LEARY, SB# 123792
3023 First Avenue
San Diego, California 92103
Phone: (619) 291-1900

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDRA SWEENEY, an individual; HUE BANH, an individual; JESSICA DERIE, an individual; ADAM SAUER, an individual; and SHARON MANIER, an individual, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>  v.<br><br>PARAMOUNT GLOBAL, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No. 2:24-cv-00708-JAK-RAO<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF RE ARTICLE III STANDING**<br><br>Complaint Filed: December 19, 2023<br><br>Courtroom: 10C |

Pursuant to the Court's Order (Dkt. No. 48), Plaintiffs submit this supplemental brief in Opposition to Defendant's pending Motion to Dismiss (Dkt. No. 18) on the grounds that this Court lacks subject matter jurisdiction.

## I.   INTRODUCTION AND PROCEDURAL BACKGROUND

The issue before this Court—whether it has subject matter jurisdiction to adjudicate the case—was first presented in the context of Defendant's Motion to Dismiss (see, e.g., Dkt. No. 20 (Plaintiffs' Opposition to Motion to Dismiss; Dkt. No. 29 (Court Order Deferring Ruling on Motion to Dismiss). Questioning the Court's own subject matter jurisdiction at the July 1, 2024 hearing (and expressing skepticism that it had jurisdiction), the Court ordered limited jurisdictional discovery, in the form to be determined by the Magistrate Judge. On October 4, 2024, Magistrate Judge Oliver permitted Paramount to serve five interrogatories on each Plaintiff and to then choose one plaintiff for a limited deposition (Dkt. No. 42). Plaintiffs provided interrogatory responses on November 12, 2024, and Plaintiff Sharon Manier was deposed on December 4, 2024.

Plaintiffs will discuss below the jurisdictional discovery and the Court's lack of subject matter jurisdiction—the only issues that properly should be presented to this Court for consideration. However, Plaintiffs anticipate that Paramount—lacking any evidence to meet its burden to establish subject matter jurisdiction—will use its own supplemental brief to smear Plaintiff Sharon Manier, based upon her deposition testimony in this case. Regardless of such efforts, Ms. Manier's testimony, as well as all of the other evidence that has been exchanged during the process of jurisdictional discovery, fully and emphatically supports Plaintiffs' position that this case must be remanded for lack of Article III standing. By remanding the case on such grounds, this Court would proceed in accordance with the rulings of several other judges within this Court and other federal courts in nearly identical cases, who have each concluded that remand is required based on the allegations in the pleadings.

As noted in Plaintiffs' Opposition to Paramount's Motion to Dismiss, the first Court to remand a nearly identical case alleging violations of Civil Code section 1670.8 was the

Northern District of California in *Pulbrook, et al. v. Nationwide Mutual Insurance Company*, Case No. 3:24-cv-00469-MMC (N.D. Ca.) ECF No. 36). Since the *Pulbrook* decision, at least **6 additional courts** have issued similar remand motions. Those cases include: *O'Donnell et al. v. Crocs Retail, LLC et al.,* Central District of California Case No. 2:24-cv—2726-SVW-PD (Dkt. No. 28); *Maldonado et al. v. BPS Direct LLC et al.,* Central District of California Case No. 2:24-cv-00098-MRA-MAR (Dkt. No. 30); *Anderson et al. v. United Parcel Service of America, Inc. et al,* Central District of California Case No. 2:24-cv-00096-DSF-SSC (Dkt. No. 35); *Shofet et al. v. Zillow Inc. et al,* Central District of California Case No. 2:24-cv-00092-SVW-BFMx (Dkt. No. 48); *Shahbaz v. Arista Networks, Inc.*, Eastern District of California Case No. 2:24-cv-00431-DAD-SCR (Dkt. No. 35); and *Masry et al. v. Lowe's Companies, Inc. et al,* Northern District of California Case No. 3:24-cv-00750-CRB (Dkt. No. 44).

  In each instance, upon a review the allegations in the pleadings nearly identical to those allegations here, the Courts concluded that "there is nothing in the record…to support a finding that plaintiffs have suffered, or are in danger of suffering, a concrete injury sufficient to confer Article III standing." *Pulbrook, et al. v. Nationwide Mutual Insurance Company*, Case No. 3:24-cv-00469-MMC (N.D. Ca.) ECF No. 36 (at page 4).

  Here, Plaintiffs originally filed their complaint commencing this action in State Court in the Superior Court for the County of Los Angeles. The Complaint alleges a single cause of action under California Civil Code section 1670.8. The Complaint alleges that Defendant Paramount has violated that statute by requiring its customers, through Paramount's Terms, to waive the consumers' speech rights, specifically their right to make any statement about Paramount or its products, services, or employees, as protected by Civil Code section 1670.8. In doing so, Plaintiffs pled all necessary allegations to pursue their claims against Paramount in state court, and there is no question that the state court can adjudicate Plaintiffs' claims by assessing civil penalties as set forth in the statute, voiding the unlawful provisions of the Terms, and issuing injunctive or other relief. This is the precise relief Plaintiffs seek in this action.

Defendant removed this action to this Court on January 25, 2024. Defendant's Notice of Removal is based solely upon the Class Action Fairness Act. (See Notice of Removal, Dkt. No. 1.) The Notice of Removal contains no allegations regarding Plaintiffs' standing or any allegation of concrete harm suffered by Plaintiffs.

As the removing party seeking to invoke the jurisdiction of the federal court, it is Defendant who bears the burden to demonstrate jurisdiction. *See, e.g., Emrich v. Touche Ross & Co.,* 846. F.2d 1190, 1195 (9th Cir. 1988); *Gaus v. Miles Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Here, Defendant Paramount has not done so. Accordingly, the case must be remanded to state court.

## II.   ARGUMENT

As this Court has already recognized when it ordered limited jurisdictional discovery to be completed, before the parties can proceed in the action before this Court, the Court first determine whether it has subject matter jurisdiction over the dispute. The Court has an independent obligation, regardless of the parties' positions, to examine whether subject matter jurisdiction exists in cases where the Defendant has removed the action to federal court. *United States v. Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines."); *Valdez v. Allstate Ins. Co,* 372 F3d 1115, 1116 (9th Cir. 2004). The issue of federal subject matter jurisdiction can be raised at any time.

In order to meet the constitutional minimum of standing in federal court, three elements must be met: (1) an injury in fact; (2) causation; and (3) a likelihood that the favorable decision will redress the plaintiff's alleged injury. *See Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To meet the element of an "injury in fact" a party must plead an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lopez, supra,* 630 F.3d at 785 (internal quotations and citation omitted).

Plaintiffs' complaint alleges, and Plaintiffs continue to believe, that contractual provisions that stifle speech are harmful to Plaintiffs and all Californians. However, while Plaintiffs' claim meets all state court pleading requirements to pursue their claims in state court for the civil penalties and other remedies provided for in Civil Code section 1670.8, Plaintiffs case is not dependent upon—and thus Plaintiffs have admittedly not alleged—that any individual plaintiff suffered any direct, concrete harm as a result of Defendant's clear and obvious violations of California Civil Code section 1670.8. Nor has Defendant pointed to any allegation or evidence (because none exists) to support its position that Plaintiffs' claims assert a concrete harm sufficient to confer Article III standing.

In a case such as this one, where a consumer protection statute seeks to protect consumers' speech rights, other cases regarding subject matter jurisdiction in the context of the enforcement of speech rights are instructive. As the Ninth Circuit has explained in *Lopez, supra,* a Plaintiff seeking to enforce speech rights does not have Article III standing unless under imminent threat of enforcement. Defendant cannot meet its burden to show any such imminent threat is at issue in this case.

Allegations of a defendant's violation of a statute, alone, does not "automatically satisf[y] the injury-in-fact requirement." *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). In order to sue a defendant over a statutory violation in federal court, a Defendant must carry its burden of establishing jurisdiction by proving that plaintiff must "have been *concretely harmed* by a defendant's statutory violation." *See Id*. at 427 (emphasis in original).

Here, Plaintiffs have alleged that Defendant violated California Civil Code section 1670.8. Section 1670.8(a)(1) specifically makes unlawful "[a] contract or proposed contract for the sale or lease of consumer goods or services" that includes "a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services." Plaintiffs allege that Defendant's Terms governing visitors' use of its website contain such a provision, and that Plaintiffs became subject to the Terms when they visited the website. Imminent enforcement or threat of

enforcement is not a necessary element of a Section 1670.8 violation. Accordingly, under the standard set forth in *Lopez,* such allegations do not rise to the level to confer Article III standing, and thus Plaintiffs' claims—pled to meet state court pleading standards—must be adjudicated in state court. *See also TransUnion LLC,* 594 U.S. at 426 *(*allegations of a defendant's violation of a statute, alone, do not "automatically satisf[y] the injury-in-fact requirement.")

As noted above, this is the precise conclusion reached by three other federal courts in the last several months in nearly identical cases involving Section 1670.8. In *Pullbrook v. Nationwide,* Judge Chesney of the Northern District of California stated in her *sua sponte* order: "there is nothing in the record before the Court to support a finding that plaintiffs have suffered, or are in danger of suffering, a concrete injury sufficient to confer Article III standing." *Pulbrook, et al. v. Nationwide Mutual Insurance Company*, Case No. 3:24-cv-00469-MMC (N.D. Ca.) ECF No. 36 at p.4. Similarly, in *Maldonado,* Judge Ramirez Almadani of the Central District of California reached the identical conclusion. *Maldonado et al. v. BPS Direct LLC et al.,* Central District of California Case No. 2:24-cv-00098-MRA-MAR (Dkt. No. 30). In that case, *Maldonado v. BPS Direct LLC,* relying on *Lopez v. Candaele*, supra, Judge Ramirez Almadani determined that where cases implicate an infringement of speech rights, allegations of subjective "chill" are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Id.* at p. 6 (citing *Laird v. Tatum,* 408 U.S. 1, 13-14 (1972)). Accordingly, the *Maldonado* Court determined it could not rule on the merits of defendants' Motion to Dismiss, and denied the motion as moot, pending remand of the action to state court. *Id.* Other courts have reached the same conclusion, **now seven times over**. See, e.g., *O'Donnell et al. v. Crocs Retail, LLC et al.,* Central District of California Case No. 2:24-cv—2726-SVW-PD (Dkt. No. 28); *Maldonado et al. v. BPS Direct LLC et al.,* Central District of California Case No. 2:24-cv-00098-MRA-MAR (Dkt. No. 30); *Anderson et al. v. United Parcel Service of America, Inc. et al,* Central District of California Case No. 2:24-cv-00096-DSF-SSC (Dkt. No. 35); *Shofet et al. v. Zillow Inc. et al,* Central District of California Case No. 2:24-cv-00092-SVW-

BFMx (Dkt. No. 48); *Shahbaz v. Arista Networks, Inc.*, Eastern District of California Case No. 2:24-cv-00431-DAD-SCR (Dkt. No. 35); and *Masry et al. v. Lowe's Companies, Inc. et al,* Northern District of California Case No. 3:24-cv-00750-CRB (Dkt. No. 44).

There is no basis to distinguish any of these cases—pled in nearly identical terms—from the claims against Paramount. Since Paramount here, just like the defendants in those have not met their obligation to establish Article III standing, this Court does not have subject matter jurisdiction over this action. Plaintiffs' jurisdictional discovery responses, and the deposition testimony of Ms. Manier, do absolutely nothing to support Defendant's position regarding concrete harm to Plaintiffs such that this Court can exercise jurisdiction. In fact, each Plaintiff's interrogatory responses make clear that the basis for the action is Defendant's violation of the statute, not any direct harm suffered by any particular plaintiff sufficient to create Article III standing.

Where, as here, a removing Defendant has not met its burden to establish federal court jurisdiction, the proper remedy is to remand the action to state court. 28 U.S.C. § 1447 (a case should be remanded if, "at any time before final judgment[,] it appears that the district court lacks subject matter jurisdiction."); *Polo v. Innoventions Int'l.,* 833 F.3d 1193, 1196 (9th Cir. 2016) (where a "district court lacks subject matter jurisdiction," it "must remand the case to state court.")

Dated: January 17, 2025

*/s/ Christopher R. Rodriguez*
CHRISTOPHER RODRIGUEZ (CA 212274)
Singleton Schreiber, LLP

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Christopher R. Rodriguez, hereby certify that on January 17, 2025, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Christopher R. Rodriguez*
Christopher R. Rodriguez