UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-00708-JAK (RAOx) | Date | February 21, 2025 |
|---|---|---|---|
| Title | Sondra Sweeney, et al. v. Paramount Global., et al. | | |

cm

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Daniel Torrez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) ORDER REMANDING THE ACTION DUE TO A LACK OF SUBJECT-MATTER JURISDICTION**

## I.    Introduction

On December 19, 2023, Sondra Sweeney, Hue Banh, Jessica Derie, Adam Sauer and Sharon Manier ("Plaintiffs"), on behalf of themselves and all others similarly situated, filed a putative class action against Paramount Global ("Defendant") and Does 1–100, in the Los Angeles Superior Court. Dkt. 1-1 ("Complaint"). The Complaint advances one cause of action: violation of Cal. Civ. Code § 1670.8. *Id.* ¶ 2. On January 25, 2024, Paramount removed the action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Dkt. 1 ¶ 1.

On May 1, 2024, Defendant filed a Motion to Dismiss Case, or Alternatively to Transfer Venue. Dkt. 18 (the "Motion"). On May 29, 2024, Plaintiffs filed an opposition to the Motion. Dkt. 20 ("Opposition"). On June 5, 2024, Defendant filed a reply. Dkt. 26 ("Reply").

A hearing on the Motion was held on July 1, 2024, and the Motion was then taken under submission. Dkt. 29. On July 19, 2024, an Order issued deferring a ruling on the Motion and granting the request for limited jurisdictional discovery. Dkt. 32 at 7–8. The Order stated that upon completion of jurisdictional discovery, supplemental briefing as to Article III standing could be submitted. *Id.* The Order also deferred the issuance of a scheduling order based upon the parties' Rule 16(b)/26(f) Report. *Id.* at 8. On December 19, 2025, Plaintiffs and Defendant filed status reports as to jurisdictional discovery. Dkts. 46, 47. On January 17, 2025, Defendant filed a supplemental brief regarding Article III standing. Dkt. 49. On the same day, Plaintiffs filed a supplemental brief regarding Article III standing. Dkt. 50. On January 27, Plaintiffs filed a reply (Dkt. 51), as did Defendant (Dkt. 52).

## II.    Background

The background of this action is detailed in the July 19, 2024 Order. Dkt. 32 at 1–2. That discussion is incorporated here by this reference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-00708-JAK (RAOx) | Date | February 21, 2025 |
|---|---|---|---|
| Title | Sondra Sweeney, et al. v. Paramount Global., et al. | | |

**III.**    **Analysis**

A.    Article III Standing

1.    Legal Standards

Because federal courts have limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal should be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). The removing party bears the burden of establishing that removal is proper. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

"Standing is an essential component of the case or controversy requirement of Article III, § 2 of the United States Constitution." *Am. C.L. Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006) (internal quotation marks and citation omitted). "To satisfy Article III standing, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Van Patten v. Vertical Fitness Grp.*, LLC, 847 F.3d 1037, 1042 (9th Cir. 2017) (citing *Spokeo, Inc. v. Robins* ("*Spokeo II*"), 578 U.S. 330, 338 (2016)) (internal quotation marks and alteration omitted). Because the standing requirements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). However, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.*

"A plaintiff establishes injury in fact, if he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " *Van Patten*, 847 F.3d at 1042 (quoting *Spokeo II*, 578 U.S. at 339). However, "a plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Even then, Article III standing requires a concrete injury." *Robins v. Spokeo, Inc.* ("*Spokeo III*"), 867 F.3d 1108, 1112 (9th Cir. 2017), *cert. denied*, 538 U.S. 1102 (2018) (internal quotations and alteration omitted).

In cases that have been removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1996 (9th Cir. 2016) (citing *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)). Remand is the appropriate remedy, rather than dismissal, because "a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter." *Id.* (emphasis in original). "[T]he constraints of Article III do not apply to state courts." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989). Dismissal is permitted "only when the eventual outcome of a case after remand is so clear as to be foreordained." *Polo*, 833 F.3d at 1198.

Standing requirements are relaxed when cases present issues as to the First Amendment right to freedom of speech. *Italian Colors Rest. v. Becerra*, 878 F.3d 1165, 1171 (9th Cir. 2018) ("First

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-00708-JAK (RAOx) | Date | February 21, 2025 |
|---|---|---|---|
| Title | Sondra Sweeney, et al. v. Paramount Global., et al. | | |

Amendment challenges 'present unique standing considerations' because of the 'chilling effect of sweeping restrictions' on speech.") (quoting *Ariz. Right to Life Pol. Action Comm. v. Bayless (ARLPAC)*, 320 F.3d 1002, 1006 (9th Cir. 2003)). However, "[e]ven in the First Amendment context, a plaintiff must show a credible threat of enforcement." *Id.* (citing *Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010)). "In determining whether a plaintiff faces such a credible threat in the pre-enforcement context, this Court considers three factors: 1) the likelihood that the law will be enforced against the plaintiff; 2) whether the plaintiff has shown, 'with some degree of concrete detail,' that she intends to violate the challenged law; and 3) whether the law even applies to the plaintiff." *Id.* at 1171–72 (quoting *Lopez*, 630 F.3d at 786).

        2.   <u>Application</u>

The July 19, 2024 Order concluded that the allegations of the Complaint were insufficient to establish Article III standing. Following jurisdictional discovery, Defendant now contends that the Plaintiffs' responses to interrogatories, taken in the course of jurisdictional discovery, "unwittingly establish" that the Plaintiffs have Article III standing. Dkt. 49 at 6. Defendant cites the Plaintiffs' responses, in which each stated that "Paramount has threatened to punish or restrict individuals' speech." Dkt. 49 at 6 (quoting Dkt. 49-1 at 6–7, Dkt. 49-2 at 6–7, Dkt. 49-3 at 6–7, Dkt. 49-4 at 6–7, Dkt. 49-5 at 6–7, Dkt. 49-6 at 6–7).

Plaintiffs' responses refer to "individuals," not to Plaintiffs personally and individually, separate from other visitors to the site. Therefore, Defendant's argument is unpersuasive for the following reasons, which were stated in the July 19, 2024 Order:

> Although it is broadly alleged that the Terms of Use "threaten" visitors that Defendant will unilaterally determine compliance, there are no factual allegations that Paramount has previously enforced, or plans to enforce, the Subject Terms against Plaintiffs or any other person.

Dkt. 32 at 6.

Accordingly, the first *Lopez* factor is not met.

The second *Lopez* factor -- whether the plaintiff has shown with some degree of concrete detail that she intends to violate Defendant's terms -- has also not been shown based on the outcome of jurisdictional discovery. Defendant largely conceded this in its current brief. *See* Dkt. 52 at 4 (acknowledging that "the Complaint may not expressly state Plaintiffs' intentions" to violate Defendant's Terms). Instead, Defendant contends that the Complaint "plainly insinuates" that Plaintiffs intend to violate Defendant's Terms. *Id.* However, *Lopez* made clear that there must be "some degree of *concrete* detail" that Plaintiff intends to violate the terms. 630 F.3d at 786 (emphasis added). Mere insinuation is not enough. Accordingly, the second *Lopez* factor is not met.

Defendant contends that the recent decision in *Ramos v. Amazon.com*, 2:24-cv-00089-HDV-E, 2024 WL 4882638 (C.D. Cal. Nov. 25, 2024) supports a finding that Plaintiffs have standing. Dkt. 49 at 4–5. *Ramos* is distinguishable. It concluded that the plaintiffs there had Article III standing because the operative complaint alleged that "there were actual threats of enforcement against them by" the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-00708-JAK (RAOx) | Date | February 21, 2025 |
|---|---|---|---|
| Title | Sondra Sweeney, et al. v. Paramount Global., et al. | | |

defendant. *Ramos*, 2024 WL 4882638 at *3. Neither the allegations in the Complaint in this action, nor the exhibits proffered by the parties that were produced during jurisdictional discovery, contain such an allegation or showing of a threat of enforcement against the Plaintiffs.

Under these circumstances, Plaintiffs have not alleged a "credible threat of enforcement" required to establish constitutional standing. *Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1211 (9th Cir. 2022) (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161 (2014)). Therefore, there is no case or controversy to resolve, and this action falls outside the "confines [of] the federal judicial power" under Article III. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). In the absence of standing, remand is mandatory. *See Polo*, 833 F.3d at 1196.

## IV.    <u>Conclusion</u>

For the reasons stated in this Order, this matter is **REMANDED** to the Los Angeles Superior Court, Case No. 23STCV31038 at its Stanley Mosk Courthouse. All other pending motions in this action are deemed **MOOT** with respect to the proceedings in this Court.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | DT | |